UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

SHANE NOONAN, as Personal Representative )
Of the Estate of JEFFREY NOONAN )
                                                      )     Civil No. 1:16-cv-14-JAW
        Plaintiff )
vs. )
                                                       )
YORK COUNTY, et al. )
                                                       )
        Defendants )
                                                       )

**ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES OF
DEFENDANTS CORRECT CARE SOLUTIONS, GEORGE STOCKWELL, D.O.,
SARAH MAYNARD, LPN AND ANGELA TANNER, LPN TO PLAINTIFF'S
COMPLAINT AND REQUEST FOR TRIAL BY JURY**

NOW COME Defendants Correct Care Solutions, Dr. George Stockwell, Sarah Maynard, and Angela Tanner (hereinafter "CCS Defendants") and answer Plaintiff's Complaint (Document 1) as follows.

**Nature of the Case**

I.  CCS Defendants deny the allegations contained in Paragraph I of Plaintiff's Complaint.

**Jurisdiction and Venue**

II.  Paragraph 2 of Plaintiff's Complaint states a legal conclusion and, therefore, needs no response. To the extent that Paragraph II is considered to include allegations of fact, they are denied.

**Parties**

1.  CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, deny same.

2.  CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint and, therefore, deny same.

1

3. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and, therefore, deny same.

4. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint and, therefore, deny same.

5. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint and, therefore, deny same.

6. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint and, therefore, deny same.

7. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint and, therefore, deny same.

8. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and, therefore, deny same.

9. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and, therefore, deny same.

10. CCS Defendants admit that: it is a limited liability corporation licensed to do business in the State of Maine with a principal place of business in Augusta, Maine; and that it contracted with the York County Sheriff's Department to provide medical health services to inmates at the York County Jail.  CCS Defendants deny the remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11. CCS Defendants admit Dr. George Stockwell was an employee of Defendant CCS who provided medical care to inmates at York County Jail, but deny the remaining allegations in Paragraph 11 of Plaintiff's Complaint.

12. CCS Defendants admit Sarah Maynard was an employee of Defendant CCS who provided nursing care to inmates at York County Jail, but deny the remaining allegations in Paragraph 12 of Plaintiff's Complaint.

13. CCS Defendants admit Angela Tanner was an employee of Defendant CCS who provided nursing care to inmates at York County Jail, but deny the remaining allegations in Paragraph 13 of Plaintiff's Complaint.

## Facts Common to all Counts

14. CCS Defendants admit Jeffrey Noonan was a 49 year old man who suffered from certain medical conditions, which included, but may not have been limited to: thyroid disorder, high blood pressure, asthma and end stage renal disease.  CCS Defendant have insufficient information as to the remaining allegations in Paragraph 14 of Plaintiff's Complaint and, therefore, deny same.

15. CCS Defendants admit that Jeffrey Noonan received dialysis for end stage renal disease and had left upper and right lower extremity amputations, but have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and, therefore, deny same.

16. CCS Defendants admit that Mr. Noonan had certain medication prescribed to him, but have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and, therefore, deny same.

17. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint and, therefore, deny same.

18. CCS Defendants admit that Mr. Noonan received medical screening at York County Jail on January 9, 2014, but deny the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint and, therefore, deny same.

20. CCS Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint and, therefore, deny same.

22. CCS Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint and, therefore, deny same.

24. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint and, therefore, deny same.

25. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint and, therefore, deny same.

26. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint and, therefore, deny same.

27. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint and, therefore, deny same.

28. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint and, therefore, deny same.

29. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint and, therefore, deny same.

30. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint and, therefore, deny same.

31. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint and, therefore, deny same.

32. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint and, therefore, deny same.

33. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint and, therefore, deny same.

34. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint and, therefore, deny same.

35. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint and, therefore, deny same.

36. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Complaint and, therefore, deny same.

37. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint and, therefore, deny same.

38. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Complaint and, therefore, deny same.

39. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint and, therefore, deny same.

40. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Complaint and, therefore, deny same.

41. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Complaint and, therefore, deny same.

42. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Complaint and, therefore, deny same.

43. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Complaint and, therefore, deny same.

44. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint and, therefore, deny same.

45. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiff's Complaint and, therefore, deny same.

46. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiff's Complaint and, therefore, deny same.

47. CCS Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's Complaint and, therefore, deny same.

49. CCS Defendants admit the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. CCS Defendants admit that a suicide watch at York County Jail involves, among other things, an officer keeping an eye on the inmate at all times, but have insufficient information as to the remaining allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 51 of Plaintiff's Complaint and, therefore, deny same.

52. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiff's Complaint and, therefore, deny same.

53. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiff's Complaint and, therefore, deny same.

54. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiff's Complaint and, therefore, deny same.

55. CCS Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's Complaint and, therefore, deny same.

57. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiff's Complaint and, therefore, deny same.

58. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiff's Complaint and, therefore, deny same.

59. CCS Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's Complaint and, therefore, deny same.

61. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiff's Complaint and, therefore, deny same.

62. CCS Defendants admit the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 63 of Plaintiff's Complaint and, therefore, deny same.

64. CCS Defendants admit the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. CCS Defendants admit the allegations contained in Paragraph 65 of Plaintiff's Complaint.

**Count I-42 U.S.C. § 1983 (County and Corrections Defendants)**

66. CCS Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 65 above as if fully set forth herein.

67. Paragraph 67 of Plaintiff's Complaint states a legal conclusion and, therefore, needs no response. To the extent that Paragraph 67 is considered to include allegations of fact, they are denied.

68. CCS Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 69 of Plaintiff's Complaint and, therefore, deny same.

70. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 70 of Plaintiff's Complaint and, therefore, deny same.

71. CCS Defendants deny the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72. CCS Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73. CCS Defendants deny the allegations contained in Paragraph 73 of Plaintiff's Complaint.

WHEREFORE, CCS Defendants respectfully request that Plaintiff's Complaint be dismissed and for their costs and for such other relief the Court deems just and appropriate.

### Count II-Failure to Train and Supervise (County Defendants)

74. CCS Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 73 above as if fully set forth herein.

75-85  These paragraphs do not contain allegations against CCS Defendants. To the extent these paragraphs may be construed to contain allegations against CCS Defendants, they are denied.

### Count III-Negligence (County and Corrections Defendants)

86. CCS Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 85 above as if fully set forth herein.

87. CCS Defendants deny the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88. CCS Defendants deny the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89. CCS Defendants deny the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90. CCS Defendants deny the allegations contained in Paragraph 90 of Plaintiff's Complaint.

### County IV-Wrongful Death-18-A M.R.S.A. § 2-804 (CCS Defendants)

91. CCS Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 90 above as if fully set forth herein.

92. CCS Defendants deny the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93. Paragraph 93 of Plaintiff's Complaint states a legal conclusion and, therefore, needs no response. To the extent that Paragraph 93 is considered to include allegations of fact, they are denied.

94. CCS Defendants deny the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95. CCS Defendants deny the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96. CCS Defendants deny the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97. CCS Defendants deny the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98. CCS Defendants deny the allegations contained in Paragraph 98 of Plaintiff's Complaint.

### County V-Wrongful Death-18-A M.R.S.A. § 2-804 (County and Corrections Defendants)

99. CCS Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 98 above as if fully set forth herein.

100. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 100 of Plaintiff's Complaint and, therefore, deny same.

101. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 101 of Plaintiff's Complaint and, therefore, deny same.

102. CCS Defendants deny the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103. CCS Defendants deny the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 104 of Plaintiff's Complaint and, therefore, deny same.

105. CCS Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 105 of Plaintiff's Complaint and, therefore, deny same.

106. CCS Defendants deny the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107. CCS Defendants deny the allegations contained in Paragraph 107 of Plaintiff's Complaint.

WHEREFORE, CCS Defendants respectfully request that Plaintiff's Complaint be dismissed and for their costs and for such other relief the Court deems just and appropriate.

Defendants respectfully request a trial by jury.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. The Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. The Plaintiff's claims are barred and/or limited by provisions of the Maine Tort Claims Act, 14 M.R.S.A. §8107.

3. The Plaintiff's claims are barred by the subject matter and general immunity provisions of the Maine Tort Claims Act, 14 M.R.S.A. §§ 8103, 8104-A and 8113.

4. The Plaintiff's claims are barred by the functional immunity provisions of the Maine Tort Claims Act, 14 M.R.S.A. §§ 8104-B and 8111.

5. The Plaintiff's claims are limited by provisions of the Maine Tort Claims Act, 14 M.R.S.A. §§ 8105 and 8116.

6. The Plaintiff's decedent is guilty of fault which was equal to or greater than that of the alleged negligence of Defendant and, therefore, Plaintiff is barred from recovery; to the extent Plaintiff's decedent is found to be guilty of fault which was less than that of the CCS Defendants, then any recovery must be reduced accordingly.

7. The conduct of Plaintiff's decedent was the sole or substantial contributing cause of his damages.

8. Plaintiff's damages, if any, are the result of intervening or superseding events which bar or reduce her claim under Maine law.

9. Any negligence, which is specifically denied, occurred as a result of the acts or omissions of third parties over whom the CCS Defendants had no control.

10. The Plaintiff has failed to mitigate his damages.

11. The Plaintiff's claims are barred by the doctrines of absolute and qualified immunity.

12. The conduct of the CCS Defendants violated no clearly established constitutional rights of the Plaintiff's decedent.

13. The actions of the CCS Defendants were at all times conducted in good faith and without knowledge that any of their conduct violated any clearly established statutory or constitutional rights of the Plaintiff's decedent.

14. The conduct of the CCS Defendants does not rise to the level of a constitutional violation and the Plaintiff's allegations allege, at most, simple negligence or other common law torts.

15. The conduct of the CCS Defendants is privileged under common law and under the Constitution of the United States and State of Maine.

16. The conduct of the CCS Defendants was not arbitrary or unreasonable.

17. The injuries of the Plaintiff's decedent were not caused by any policy, custom or by deliberate indifference on the part of CCS or its policymakers.

18. Defendant CCS has no liability because the conduct of its contractors did not violate clearly established law, therefore any alleged failure to train or supervise could not have been a proximate cause of Plaintiff's damages.

19. CCS Defendants did not act with concert of action or plan, or take overt steps to deny Plaintiff his constitutionally protected rights.

20. Plaintiff's claims are barred because no alleged act or omission on the part of the CMS Defendants was the proximate cause of any alleged injuries to the Plaintiff.

21. This Court lacks jurisdiction over the state law claims asserted.

22. Plaintiff's claims are barred for failure to satisfy mandatory conditions precedent to asserting his state law claims.

23. Plaintiff's claims are barred by the doctrines of waiver, release, and/or estoppel.

24. Plaintiff's claims are barred by provisions of the Maine Health Security Act, 24 MRSA 2851, et seq.

25. Punitive damages are not recoverable against the CCS Defendants for the following reasons:

   A. CCS Defendants at all pertinent times, acted without either evil motive or intent or reckless or callous indifference to the Plaintiff's rights; and

   B. Punitive damages are anachronistic, contrary to public policy and unconstitutional as to the CCS Defendants under the facts of this case.

   C. Punitive damages are not recoverable against entities under case law of the United States Supreme Court.

WHEREFORE, Defendants respectfully request that all relief requested by Plaintiff be denied and that the CCS Defendants be awarded their costs, reasonable attorneys' fees, and such other relief the Court deems just and appropriate.

Dated at Portland, Maine this 4th day of February, 2016.

> */s/Michael E. Saucier*
> Michael E. Saucier, Esq.
> Attorney for CCS Defendants - Correct Care Solutions, Dr. George Stockwell, Sarah Maynard, and Angela Tanner

**THOMPSON & BOWIE, LLP**
Three Canal Plaza
P.O. Box 4630
Portland, ME  04112-4630
(207)-774-2500

13

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 4, 2016, I electronically filed Notice of Appearance on behalf of Defendants Correct Care Solutions, Dr. George Stockwell, Sarah Maynard, and Angela Tanner, with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

                                        */s/Michael E. Saucier*
                                        Michael E. Saucier, Esq.
                                        Bar No. 353
                                        Attorney for Defendants CCS, Dr. George
                                        Stockwell, Sarah Maynard, and Angela Tanner

**THOMPSON & BOWIE, LLP**
Three Canal Plaza
P. O. Box 4630
Portland, ME  04112
(207) 774-2500